**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| THOMAS DUANE RAMEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:10-CV-6-CDL-GMF |
| | * | 42 U.S.C. § 1983 |
| STATE OF GEORGIA, et al., | * | |
| | * | |
| Defendants. | * | |

<u>ORDER AND RECOMMENDATION OF DISMISSAL</u>

Plaintiff, Thomas Duane Ramey, presently an inmate at Muscogee County Jail in Columbus, Georgia, has filed the above styled 42 U.S.C. § 1983 action against the named Defendants.  Although Plaintiff originally sought leave to proceed in this court *in forma pauperis*, (Doc. 2), Plaintiff subsequently paid the $350 filing fee in full.  Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* is denied as moot.

<u>Plaintiff's Complaint</u>

Taking the statements in Plaintiff's Complaint as true, Plaintiff was initially imprisoned on July 15, 1993, after being convicted of armed robbery and voluntary manslaughter and sentenced to forty years' incarceration.  (Doc. 1 at 1).  Plaintiff anticipated being released on parole in late 2009 or early 2010, and as part of the successive steps required for Plaintiff to earn parole, he was enrolled in a Work Release Program ("WRP") and employed by Jordan Electric, Inc.  Plaintiff had been residing at the Columbus Transitional Center from April 2, 2009 until October 19, 2009.  (Doc. 1 at 6).

Plaintiff alleges that on or about October 17, 2009, he "caught [a] common cold with

acute sinusitis which compounded with his allergies to dust, molds, and pollen." (Doc. 1 at 7). He began taking over the counter medications including "Nyquil (daytime), Aspirin, and Vitamin C," in accordance with the package instructions. *Id.* He alleges that he "did not have any impediment by these medications . . . in carrying out his normal daily activities of life, performance of work at his place of employment, communication skills, and driving the vehicle (1998 Chevrolet Astro Van) of the employer at the permission of the employer for work assignments and work-related errands[.]" *Id.*

On October 19, 2009, Plaintiff awoke at 4:30 a.m. experiencing symptoms he described as "the peak of the infection" of his cold. (Doc. 1 at 8). He took the prescribed doses of the over-the-counter medications he had previously taken and decided to report for work at 7:00 a.m. At around 11:00 a.m., Plaintiff's supervisor gave him permission to take a work vehicle to go to lunch and to a convenience store to purchase more cold medication. *Id.*

At approximately 1:10 p.m., Plaintiff alleges that he saw a deer cross in front of his vehicle. (Doc. 1 at 8). He swerved to miss the animal "and landed in the ditch to the right side of the road after one full flip." (Doc. 1 at 9). Plaintiff waited approximately fifteen minutes until he stopped a passer-by who called Plaintiff's employer; Plaintiff's employer in turn contacted police. *Id.*

At approximately 1:45 p.m., Defendant George D. Martin, III, a Harris County police officer, arrived at the scene of the accident. (Doc. 1 at 9). Defendant Martin briefly spoke with Plaintiff, surveyed the scene, and administered an Alco-Sensor breath alcohol test to Plaintiff. *Id.* Defendant Martin then ordered Plaintiff to perform several field sobriety tests and again administered the Alco-Sensor test. (Doc. 1 at 9-10). Defendant Martin accused Plaintiff of being

drunk, arrested him, and placed him in the back of his police car. (Doc. 1 at 10). Plaintiff alleges that Defendant Martin cuffed him very tightly, refused Plaintiff's requests to adjust the handcuffs, threatened to beat Plaintiff, and used verbally abusive language toward Plaintiff. *Id.* Additionally, Plaintiff alleges that after he again requested that Defendant Martin loosen the handcuffs, the officer "snatched the handcuffs from the middle link and pulled so hard, while cursing the plaintiff, that the plaintiff's handcuff from right hand came off, though unlocked, severely injuring the plaintiff," and then "banged the plaintiff's head with right door so hard that plaintiff lost his orientation for a next few minutes and then had severe splitting headache from head injury from impact with car door." *Id.* Plaintiff was ultimately transferred to Harris County Jail, where he remained for over an hour before he was administered an Intoxilyzer breath alcohol test. (Doc. 1 at 11). Plaintiff also alleges that he asked several times for a blood alcohol test, but he was denied each time. (Doc. 1 at 10, 11).

As a result of his arrest, Plaintiff alleges that his ability to work has been affected, his personal relationships have been damaged, and his parole proceedings have been stalled. (Doc. 1 at 11). In addition to Defendant Martin, Plaintiff names the State of Georgia and the District Attorney of Harris County as Defendants in this action. Plaintiff lists 42 U.S.C. § 1983, 42 U.S.C. § 1985, 28 U.S.C. § 1651(a), 28 U.S.C. § 2283, Federal Rule of Civil Procedure 65, and "exceptions to *Younger v. Harris*," 401 U.S. 37 (1971) as the basis for his claims. (Doc. 1 at 1). Plaintiff seeks (1) "removal of the criminal case from Harris County Superior (Magistrate) Court to this Court"; (2) constitutional review of the Georgia DUI statutes by a three-judge panel; (3) a temporary restraining order on the Harris County Superior Court and the District Attorney, forbidding the court to proceed on the DUI charges until this action has been resolved; (4) an

injunction and declaratory relief, apparently to halt the "illegally initiated" prosecution of Plaintiff on DUI charges; (5) a trial by jury; (6) monetary relief of $500,000 in compensatory damages; (7) punitive damages; and (8) an order directing the Georgia Board of Pardons and Paroles to continue processing Plaintiff's parole paperwork.  (Doc. 1 at 5, 48).

Preliminary Review

Plaintiff's § 1983 Complaint is before this court for initial screening pursuant to the provisions of the PLRA as codified at 28 U.S.C. § 1915A(a) & (b), to wit:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . .  On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

The United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must

allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 1733-34 (1978).

<u>DISCUSSION</u>

Plaintiff brings claims against the State of Georgia; the District Attorney of Harris County, Georgia; and Defendant Martin, contending that each of these Defendants has violated—or will violate—his federally-protected constitutional rights. For the following reasons, Plaintiff's claims against the State of Georgia and the District Attorney are due to be dismissed, and Plaintiff's damages claims against Defendant Martin for alleged violations of Plaintiff's constitutional rights during his arrest should be stayed until his underlying state criminal prosecution has been resolved.

## I.      Claims Against the State of Georgia

It is somewhat unclear from Plaintiff's caption whether he intends to sue the State of Georgia itself. To the extent Plaintiff makes such a claim, it is subject to dismissal. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Thus, "[t]he Eleventh Amendment bars suits against a state for alleged deprivations of civil liberties unless the state has waived its immunity or 'unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.'" *Robinson v. Ga. Dep't of Transp.*, 966 F.2d 637, 640 (11th Cir. 1992) (quoting *Will*

*v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).  The United States Supreme Court has "concluded that Congress, in passing § 1983, did not intend to override the immunity guaranteed to the states by the Eleventh Amendment."  *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  Moreover, the State of Georgia has not waived its sovereign immunity with respect to cases brought in federal court.  *See* Ga. Const. art. I, § II, para. IX(f) ("No waiver of sovereign immunity shall be construed as a waiver of any immunity provided to the state . . . by the United States Constitution."); *see also Robinson*, 966 F.2d at 640.  It is therefore recommended that the State of Georgia be dismissed from this action.[1]

## II.     Conspiracy Claims

Plaintiff appears to contend that Defendant Martin plans to involve the District Attorney in a conspiracy to maliciously and illegally prosecute Plaintiff for DUI.  (Doc. 1 at 34-36). Although it is unclear whether this claim is based on 42 U.S.C. § 1983 or 42 U.S.C. § 1985, Plaintiff has failed to state either type of claim.  In order to state a claim for a § 1985 conspiracy, a party must allege the following elements:

> (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Cook v. Randolph County, Ga.*, 573 F.3d 1143, 1149 (11th Cir. 2009).  Plaintiff, however, never

---

[1]There is an exception to the law that permits a private plaintiff to bring a suit against a state *official* for prospective injunctive relief.  *See generally Ex Parte Young*, 209 U.S. 123 (1908); *see also Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("[T]he Eleventh Amendment does not prohibit a plaintiff from suing state officials in their official capacities for prospective injunctive relief and costs associated with that relief.").  However, the Eleventh Amendment bar against suing the State itself "applies regardless of whether the plaintiff seeks money damages or prospective injunctive relief."  *Stevens*, 864 F.2d at 115.

alleges the existence of an actual, existing conspiracy between the District Attorney and Defendant Martin or an act in furtherance of this conspiracy. Instead, Plaintiff speculates that the District Attorney "will" ultimately engage in a conspiracy with Defendant Martin to prosecute Plaintiff. (*See, e.g.*, Doc. 1 at 33-34 (alleging that the District Attorney "<u>WILL</u> commit an overt act . . . to present the perjuries of Ofcr. Martin to be concluded as 'truth'")). Such speculative allegations are insufficient to state a § 1985 claim for a conspiracy against either the District Attorney or Defendant Martin. Similarly, "a prerequisite of a § 1983 conspiracy claim" is "particularized allegations that a conspiracy existed." *GJR Invs., Inc. v. County of Escambia, Fl.*, 132 F.3d 1359, 1370 (11th Cir. 1998). Plaintiff has failed to make particularized allegations that a conspiracy existed between Defendant Martin and the District Attorney. Because Plaintiff has failed to state a proper claim for conspiracy under either § 1983 or § 1985, those claims should therefore be dismissed.

## III.   Malicious Prosecution Claims

To the extent Plaintiff brings claims for "malicious prosecution" against the District Attorney and Defendant Martin, such claims are premature and therefore subject to dismissal. The Eleventh Circuit recognizes that a malicious prosecution can form the basis for a § 1983 claim. *See, e.g., Kjellsen v. Mills*, 517 F.3d 1232, 1237 (11th Cir. 2008). To state a claim for a § 1983 malicious prosecution claim under federal law, a plaintiff must allege "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id.* (internal quotation marks omitted). It is clear from Plaintiff's Complaint that the underlying criminal prosecution has not yet terminated in Plaintiff's favor; accordingly,

he cannot yet state a claim for malicious prosecution.  *See, e.g., Hudson v. Hubbard*, No. 09-11635, 2009 WL 4980433, at *2 (11th Cir. Dec. 23, 2009) (per curiam).[2]  Such claim is therefore subject to dismissal.

## IV.    Claim for Injunctive Relief to Enjoin State Proceedings

Plaintiff also seeks an injunction enjoining his prosecution in the underlying state case.  Plaintiff seeks such relief on grounds that the statutes that form the basis for his DUI charge are unconstitutional.  (*See, e.g.,* Doc. 1 at 41).  Broadly construed, Plaintiff's Complaint also alleges that the prosecution against him is being brought in bad faith and that an injunction is necessary to halt such prosecution.  (*See, e.g.,* Doc. 1 at 19 (alleging that Defendant Martin brought the pending charges against him as a "personal vendetta")).

The United States Supreme Court has long recognized a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances."  *Younger v. Harris*, 401 U.S. 37, 41 (1971).  Thus, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an

---

[2]Plaintiff appears to conflate his claims for false arrest and malicious prosecution.  The United States Supreme Court recently clarified the difference between these two claims:

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*-when, for example, he is bound over by a magistrate or arraigned on charges.  Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process.  If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more.  From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself.

*Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (internal quotation marks and citations omitted).

adequate opportunity to raise any constitutional claims in the state proceeding." *Brewsome v. Broward County Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Despite this general policy, however, a federal court may enjoin ongoing criminal proceedings if a statute is "flagrantly and patently" unconstitutional, or upon a showing of bad faith, harassment, or other unusual circumstances that would permit equitable relief.  *Younger*, 401 U.S. at 53-54.  The court must therefore determine whether abstention pursuant to the *Younger* doctrine is warranted and whether any exceptions to the doctrine apply to the facts as alleged by Plaintiff.

A.      Analysis of the *Younger* Abstention Doctrine

Each of the three factors justifying *Younger* abstention are present in this case.  First, Plaintiff's Complaint alleges an arrest and a pending state judicial proceeding.  (*See, e.g.,* Doc. 1 at 36).  The relevant inquiry thus becomes "whether the federal proceeding will interfere with an ongoing state proceeding."  *See Newsome*, 304 F. App'x at 816 (internal quotation marks omitted).  As previously mentioned, Plaintiff's claims include those for false arrest and malicious prosecution.  An essential element of both Fourth Amendment false arrest and malicious prosecution claims is probable cause, and the existence thereof creates an absolute bar to each of these claims.  *See, e.g., Osborne v. Am. Multi Cinema, Inc.*, Nos. 08-16802, 09-10500, 2009 WL 3208744, at *2 (11th Cir. Oct. 8, 2009) (per curiam).  The court therefore cannot examine the merits of Plaintiff's Fourth Amendment claims without making its own determination of whether Defendant Martin had probable cause to arrest Plaintiff for DUI.  Further, documents attached by Plaintiff to his Complaint reveal that Plaintiff is also facing criminal charges for obstructing and hindering officers and interference with government property.  (Doc. 1 at 53; *see*

9

*also* Doc. 1-3 at 10, 11).[3]  Thus, a determination of whether Defendant Martin used excessive force to arrest Plaintiff will likely require the court to delve into the merits of Plaintiff's obstruction and interference with government property charges.  Finally, Plaintiff's claim that Georgia's DUI statutes are unconstitutional will require the court to examine a constitutional question that could be dispositive of Plaintiff's case.  It is therefore clear that the federal proceeding would interfere with the ongoing state proceeding.  *See Newsome*, 204 F. App'x at 816.

Second, the federal court proceeding will also implicate important state interests, namely, the state's ability to prosecute violations of its laws.  *See, e.g., Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing important state "interest in the enforcement of its criminal laws"); *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (per curiam) ("The ability to prosecute DUI charges is an important state interest . . . .").

Third, Plaintiff will have an adequate opportunity to raise his constitutional challenges in the underlying criminal proceedings.  As to Plaintiff's claim that Georgia's DUI statutes are unconstitutional, *Younger* requires "'[t]he accused [to] first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.'" *Younger*, 401 U.S. at 45 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-44 (1926)).  Plaintiff has not alleged any special circumstances that would prevent him from raising this constitutional claim during the underlying

---

[3]Plaintiff was issued citations for these offenses in addition to the citation he received for the DUI charge.  The basis for the charges appears to be Defendant Martin's allegations, documented in his incident report, that after he arrested Plaintiff, Plaintiff became agitated and began kicking and striking the window of Defendant Martin's patrol vehicle, resulting in damage.  (*See* Doc. 1 at 53, 55).  Plaintiff also attached his court summonses as an exhibit to his Complaint; these summonses reflect that Plaintiff is being charged with obstruction and interference with government property.  (Doc. 1-3 at 10, 11).

criminal proceedings.  *See id.* at 49.  Similarly, Plaintiff can raise his claim that he was arrested without probable cause as a defense to his DUI charge, and Plaintiff can defend the allegations that he obstructed officers and destroyed government property by producing evidence of his false arrest or that Defendant Martin used excessive force to effectuate his arrest.  *See, e.g., Long v. State,* 261 Ga. App. 478, 479, 583 S.E.2d 158, 160 (2003)  ("If an arrest is unlawful,  . . . the defendant has the right to resist the unlawful arrest with all force reasonably necessary to prevent the arrest. . . .  And when an officer uses excessive force, a defendant has the right to resist to the extent reasonably necessary.").  Facially, at least, the factors justifying *Younger* abstention have been satisfied.

B.    Exceptions to the *Younger* Abstention Doctrine

Plaintiff contends, however, that the "'Exceptions' to 'Younger v. Harris'" provide a basis for an injunction halting his state prosecution.  (Doc. 1 at 1); *see also Younger,* 401 U.S. at 53-54. Construing Plaintiff's Complaint broadly, it appears Plaintiff is trying to avail himself of two of these exceptions.   First, Plaintiff alleges that the Georgia DUI statutes are "flagrantly and patently" unconstitutional; second, Plaintiff alleges that the prosecution against him is being brought in bad faith or for purposes of harassment.

1.    *Bad Faith or Harassing Purposes Exception*

To the extent Plaintiff alleges that the District Attorney will prosecute his DUI case for purposes of harassment or in bad faith, Plaintiff's allegations are insufficient to entitle him to the benefit of the exception.   In *Younger,* the Supreme Court suggested that only "substantial allegations" of bad faith or harassment would be sufficient to overcome the bar against federal intervention in ongoing state court proceedings.  *See Younger,* 401 U.S. at 48.  In *Perez v.*

11

*Ledesma*, the Court further explained that *Younger* would permit intervention in a state court proceeding "[o]nly in cases of *proven* harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . ."   401 U.S. 82, 84 (1971) (emphasis added); *see also Juidice*, 430 U.S. at 338 (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is *alleged and proved* that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass") (emphasis added); *accord Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995) ("Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must *prove* bad faith or harassment before intervention is warranted.").

Plaintiff's conclusory and speculative allegations cannot meet this standard.  Without any explanation or elaboration Plaintiff merely hypothesizes that Defendant Martin was "'burnt-out' and hateful," had a "personal vendetta" against the Plaintiff, and harbored animus towards Plaintiff because he had a criminal record.  (*See, e.g.,* Doc. 1 at 12, 19, 23, 34).  While personal animosity, if adequately demonstrated, may be suggestive of an improper motive, "in and of itself such evidence cannot meet the burden of demonstrating that the prosecution was commenced in bad faith or to harass."  *Phelps*, 59 F.3d at 1067; *see also Davila v. Texas*, 489 F. Supp. 803, 809 (D.C. Tex. 1980) (holding that the "subjective" evidence of personal animosity between the parties was insufficient "to invoke the rare exception to the *Younger* doctrine, especially when the state proceedings furnish ample opportunity for [the plaintiff] to assert all his defenses including his federal constitutional claims").  Plaintiff does not even attribute a bad faith or harassing motive to the District Attorney; indeed, as previously discussed, Plaintiff's allegations regarding the District Attorney's conduct appear to be largely speculative.  (*See, e.g.,* Doc. 1 at

12

33-34 (describing what Plaintiff believes the District Attorney "will" do in the pending criminal prosecution)). The court also cannot say that the prosecution of Plaintiff was "undertaken by state officials . . . without hope of obtaining a valid conviction." *Perez*, 401 U.S. at 84. For example, although Plaintiff contests the accuracy of his Intoxilyzer results, he appears to admit in his Complaint that this test revealed an alcohol content of .073 grams. (*See, e.g.,* Doc. 1 at 18).[4] In sum, Plaintiff is not entitled to injunctive relief against either Defendant Martin or the District Attorney on the basis that the prosecution was brought in bad faith or for harassing purposes. *See Juidice*, 430 U.S. at 338 (holding that where there were "neither allegations, proof, nor findings" that certain defendants enforced contempt procedures or were motivated by a desire to harass, the *Younger* exception should not be utilized).

### 2.    *Flagrant and Patent Unconstitutionality Exception*

The court also cannot say that the DUI statutes at issue are flagrantly or patently unconstitutional on their face, as Plaintiff alleges. (*See* Doc. 1 at 44). "[T]he exception for 'flagrantly and patently' unconstitutional statues is extraordinarily narrow." *Outdoor Media Dimensions, Inc. v. Warner*, 58 F. App'x 293, 295 (9th Cir. 2003) (citing *Younger* and noting that the Supreme Court abstained in that case despite the prior invalidation of the act under which the plaintiff was indicted); *Zalman v. Armstrong*, 802 F.2d 199, 206 (6th Cir. 1986) (noting that the exception "appears to be even more narrow than the bad faith or harassment exception; the Supreme Court has never found it to be applicable since it first announced the exception in *Younger*"). The *Younger* Court suggested that in order to meet this exception, the statute would

---

[4]This observation should not be construed as an opinion regarding whether or not there was probable cause to arrest Plaintiff for the offenses for which he was cited.

have to be "flagrantly and patently violative of express constitutional provisions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53-54 (internal quotation marks omitted); *but see Phelps*, 59 F.3d at 1064 (noting that it was "not clear whether this phrase was intended to be construed literally to mean that a statute must be unconstitutional as applied to every conceivable situation, or whether it means only that a statute must be unconstitutional under any possible interpretation as applied to the facts of the instant case").

It is somewhat unclear from Plaintiff's Complaint which statutes he alleges are unconstitutional and in what manner. However, the two DUI statutes Plaintiff specifically cites in his prayer for relief have, at a minimum, survived challenges to their constitutionality in the Georgia courts. *See, e.g., Steele v. State*, 260 Ga. 835, 835, 400 S.E.2d 1, 2 (1991) (holding that O.C.G.A. § 40-6-391 was not unconstitutionally vague); *Cooper v. State*, 277 Ga. 282, 284, 587 S.E.2d 605, 608 (2003) (noting that the superior court had upheld the constitutionality of O.C.G.A. § 40-6-392, although the constitutionality of that statute was not challenged on appeal). Accordingly, the court cannot conclude that the statutes are patently and flagrantly unconstitutional, and that exception to the *Younger* doctrine cannot apply.

C.    Effects of *Younger* Abstention

Although it appears that each of the factors justifying *Younger* abstention are satisfied and Plaintiff has not demonstrated that he is entitled to the benefit of any of the *Younger* exceptions, the court must still determine whether outright dismissal of Plaintiff's claims on the basis of *Younger* is appropriate.  The Supreme Court has indicated that even where the *Younger* abstention doctrine would otherwise apply, "the district court has no discretion to dismiss rather

14

than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Deakins*

*v. Monaghan*, 484 U.S. 193, 202 (1988); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S.

706, 721 (1996) ("[W]hile we have held that federal courts may stay actions for damages based

on abstention principles, we have not held that those principles support the outright dismissal or

remand of damages actions.").

Plaintiff is plainly seeking monetary damages from Defendant Martin.  Thus, it is more

appropriate to stay the federal proceedings against Defendant Martin rather than dismiss

Plaintiff's federal claims outright.  *See Wallace*, 549 U.S. at 393-94 ("If a plaintiff files a false-

arrest claim before he has been convicted (or files any other claim related to rulings that will

likely be made in a pending or anticipated criminal trial), it is within the power of the district

court, and in accord with common practice, to stay the civil action until the criminal case or the

likelihood of a criminal case is ended."); *see also Doby v. Strength*, 758 F.2d 1405, 1406 (11th

Cir. 1985) (per curiam).  The court notes, however, that if Plaintiff is ultimately convicted, *Heck*

*v. Humphrey*, 512 U.S. 477 (1994), may apply to bar Plaintiff's 42 U.S.C. § 1983 claim.

*Wallace*, 549 U.S. at 394.

With respect to Plaintiff's claims against the District Attorney, a different result is

warranted.  After dismissing Plaintiff's conspiracy and malicious prosecution claims against the

District Attorney, the only claims asserted by Plaintiff appear to be those for prospective

injunctive relief enjoining the District Attorney from prosecuting Plaintiff.  The *Younger* doctrine

would bar such claim.  Even to the extent Plaintiff seeks to hold the District Attorney liable for

monetary damages related to Plaintiff's pending criminal prosecution, however, the District

Attorney would be absolutely immune from suit.  *See, e.g., Holt v. Crist*, 233 F. App'x 900, 903

(11th Cir. 2007) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983") (internal quotation marks omitted). This immunity would extend to Plaintiff's claims that the District Attorney prosecuted Plaintiff without probable cause or prosecuted Plaintiff under an allegedly unconstitutional statute. *See id.* ("Immunity extends to charging a defendant without probable cause and to the knowing proffer of perjured testimony and fabricated exhibits at trial."); *Juide v. City of Ann Arbor, Mich.*, No. 95-1822, 1997 WL 73256, at *4 (6th Cir. Feb. 19, 1997) (holding that prosecutorial immunity would extend to "damages claimed to result from a prosecution under a statute later held to be unconstitutional"). Because money damages are not available against the District Attorney, *Younger* permits the outright dismissal of these claims. *See, e.g., Christman*, 315 F. App'x at 231-32 (affirming district court's *sua sponte* dismissal of plaintiff's 42 U.S.C. § 1983 complaint where all three prongs of the *Younger* doctrine were met). As Plaintiff has failed to state any other viable claim against the District Attorney, the District Attorney is entitled to be dismissed from this action.

## V.     Miscellaneous Requests for Relief

Plaintiff also makes several requests for varying types of relief; these requests do not appear to be made specifically against any of the Defendants named in the Complaint. For the following reasons, Plaintiff is not entitled to these forms of relief.

### A.     "Removal" of Plaintiff's Criminal Case

In his Complaint, Plaintiff seeks "removal" of his criminal case from the Harris County Superior Court to this court, and Plaintiff also filed a separate motion seeking removal. (Doc. 1 at 47; Doc. 5). Such removal is not provided for under the law. 28 U.S.C. § 1441(a) provides

in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This provision does not permit a plaintiff to remove a case to federal court; moreover, this court does not have original jurisdiction over a state criminal case. Thus, Plaintiff's motion should be denied.

B.     Claim for Order to Georgia Board of Pardons and Paroles

Plaintiff also seeks a court order requiring the Georgia Board of Pardons and Paroles to continue processing his parole paperwork without taking his pending DUI charge into account. Plaintiff is essentially seeking a writ of mandamus compelling the state board to take some action. "By statute, a federal district court may issue a writ of mandamus only to 'compel an officer or employee of the *United States* or any agency thereof to perform a duty owed to the plaintiff.'" *Brown v. Lewis*, No. 09-13257, 2010 WL 94596, at *4 (Jan. 12, 2010) (per curiam) (quoting 28 U.S.C. § 1361). The Georgia State Board of Pardons and Paroles is not a federal agency, and 28 U.S.C. § 1361 "does not authorize this court to compel any officer or employee of the state of [Georgia] to perform any duty." *Waddleton v. Blalock*, No. 01-40264, 2001 WL 1485851, at *3 (5th Cir. Nov. 16, 2001) (per curiam). Moreover, Plaintiff does not name the Georgia Board of Pardons and Paroles, or any official thereof, as a Defendant in this suit. Accordingly, to the extent Plaintiff seeks mandamus relief against the Board, such claim would be subject to dismissal.

C.     Request for Hearing Before a Three-Judge Panel

Plaintiff also seeks a review of the constitutionality of Georgia's DUI statutes before a

three-judge panel.  28 U.S.C. § 2284(a) provides that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."  Plaintiff  alleges that he is challenging the constitutionality of the state statutes under which he was charged for DUI.  Nowhere in Plaintiff's Complaint does he propose any authority suggesting that a three-judge panel of district court judges is required to address this issue.[5]  Thus, to the extent Plaintiff requests such a panel to be convened, his request should be denied.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that (1) Plaintiff's claims against the State of Georgia be dismissed; (2) Plaintiff's claims for conspiracy and malicious prosecution against the District Attorney and Defendant Martin be dismissed; (3) Plaintiff's claims for injunctive relief enjoining ongoing state proceedings be dismissed; and (4) Plaintiff's claims for damages against Defendant Martin for false arrest and excessive use of force be stayed until the underlying state criminal case is resolved.  In addition, it is also recommended that the Court dismiss Plaintiff's requests for an order to the Georgia State Board of Pardons and Paroles and to convene a three-judge panel.  Finally, Plaintiff's motion for removal of his criminal case, (Doc.

---

[5]Plaintiff may have been referring to 28 U.S.C. § 2281.  That statute, which was repealed in 1976, "provided that an interlocutory or permanent injunction restraining the enforcement, operation or execution of a State statute on grounds of unconstitutionality should not be granted unless the application has been heard and determined by a three-judge district court."  *See* 28 U.S.C. § 2281, historical & statutory note. "The continued provision of a three-judge court 'when otherwise required by Act of Congress' has reference principally to certain provisions of the Civil Rights Act of 1964 and the Voting Rights Act of 1965, as amended, that require or permit a three-judge court, although there are a few other rare instances in which an Act of Congress requires a three-judge court."  17A Charles Alan Wright et al., *Federal Practice and Procedure* § 4235 (3d ed. 2009) (footnotes omitted).  None of these "rare instances" appear to be at issue in this case.  *See id.* at n.5.

5), should be DENIED.  Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this

Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14)

DAYS after being served with a copy hereof.

So RECOMMENDED, this 8th Day of February, 2010.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mkw